UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

REGERTHA JORDAN,
a citizen and resident of Mississippi,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff REGERTHA JORDAN, a citizen and resident of the State of Mississippi, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff REGERTHA JORDAN is sui juris and is a resident and citizen of the State of Mississippi.

3. Defendant CARNIVAL CORPORATION is a Panamanian Corporation doing business as CARNIVAL CRUISE LINES (CARNIVAL), with its principal place of business in Miami, Miami-Dade County, Florida. CARNIVAL is therefore a citizen both of Panama and of Florida for purposes of this action.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. The Plaintiff is a citizen and resident of the State of Mississippi, while the Defendant is deemed a citizen of Florida and of Panama for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases. The damages and injuries alleged in Paragraphs 13 and 14 support an award of damages in excess of $75,000.00.

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Defendant received timely written notice of the claim since the Plaintiff's injury was reported to onboard medical and security personnel immediately after it occurred, and both written ship's medical records and a guest injury report for the incident were prepared promptly after the injury occurred and was reported.

## LIABILITY AND DAMAGE ALLEGATIONS

## COMMON TO ALL COUNTS

10. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "FANTASY."

11. At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the "FANTASY," including its onboard elevators.

12. At all material times, including the injury date of November 28th, 2019, the Plaintiff was a fare paying passenger aboard the "FANTASY" and in that capacity was lawfully present aboard the vessel.

13. On November 28th, 2019, while the Plaintiff was onboard the "FANTASY" as a fare paying passenger, she was exiting Elevator 10 on Deck 6 when the elevator misleveled while opening, so that the threshold of the elevator was not flush with the deck surface as and after the elevator doors opened. As a result the Plaintiff lost her balance while exiting the elevator, tripped, fell, and as a result of the fall sustained severe injuries including a torn right hamstring.

14. As a direct and proximate result of the fall described in the preceding paragraph, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, disfigurement, disability, aggravation or activation of preexisting injuries, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries.

injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

15. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

16. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain onboard elevators in a condition reasonably safe for passenger use.

17. At all material times there existed a risk-creating dangerous condition on the "FANTASY," specifically a malfunction causing Elevator 10 on Deck 6 to mislevel so that the elevator threshold was not flush with the deck surface.

18. At all material times, Elevator 10 on Deck 6 was in a high traffic area, being frequently used by passengers to access Deck 6.

19. At all material times, the hazardous malfunction of Elevator 10 on Deck 6 had existed for a long enough period of time before the Plaintiff's injury referenced in Paragraph 13 above that CARNIVAL knew or should have known of it and thereby had actual or constructive knowledge of the malfunction and the hazard it posed.

20. As an alternative to the allegations in the preceding paragraph, at all material times CARNIVAL knew or should have known of the tendency of Elevator 10 to mislevel due to prior similar incidents and therefore had actual or constructive notice of the hazard.

21. Notwithstanding CARNIVAL's actual or constructive notice of the malfunction in Elevator 10 as alleged above, CARNIVAL failed to correct the malfunction before the

Plaintiff's injury as alleged in Paragraph 13 above and was thereby negligent in its maintenance of the elevator.

22. CARNIVAL's specific acts of negligence included failure to conduct sufficient routine inspections of onboard elevators, including Elevator 10, to detect and correct hazards; failure to maintain the elevator in a reasonably safe condition; and failure timely to correct malfunctions once detected or to take the malfunctioning elevator out of service pending its repair.

23. As a direct and proximate result of the CARNIVAL's negligent maintenance of its onboard elevators, and in particular Elevator 10, as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN

24. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

25. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn of onboard risk-creating conditions of which it had actual or constructive notice.

26. At all material times there existed a risk-creating dangerous condition on the "FANTASY," specifically a malfunction causing Elevator 10 on Deck 6 to mislevel so that the elevator threshold was not flush with the deck surface.

27. At all material times, Elevator 10 on Deck 6 was in a high traffic area, being frequently used by passengers to access Deck 6.

28. At all material times, the hazardous malfunction of Elevator 10 on Deck 6 had existed for a long enough period of time before the Plaintiff's injury referenced in Paragraph 13 above that CARNIVAL knew or should have known of it and thereby had actual or constructive knowledge of the malfunction and the hazard it posed.

29. As an alternative to the allegations in the preceding paragraph, at all material times CARNIVAL knew or should have known of the tendency of Elevator 10 to mislevel due to prior similar incidents and therefore had actual or constructive notice of the hazard.

30. Notwithstanding CARNIVAL's actual or constructive notice of the malfunction in Elevator 10 as alleged above, CARNIVAL failed before the time of Plaintiff's injury as alleged in Paragraph 13 above to warn passengers including the Plaintiff of the malfunction and the hazard posed by the malfunctioning elevator, through orally delivered or written warnings, appropriate signage or markings, taking the malfunctioning elevator out of service pending its repair, or otherwise, and was thereby negligent..

31. As a direct and proximate result of the CARNIVAL's negligent failure to warn as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

### **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 26th day of August, 2021.

                              ***s/PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
cbenedi@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749
*Attorneys for Plaintiffs*